IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01362-BNB

ERIK B. ANSTEENSEN,

    Applicant, named as Plaintiff,

v.

PEOPLE OF THE STATE OF COLORADO,

    Respondent, named as Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT -3 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

---

Applicant, Erik B. Ansteensen, named as Plaintiff, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Ansteensen attempted to initiate the instant action by submitting to the Court *pro se* a motion for leave to proceed *in forma pauperis* together with a certified copy of his trust fund account statement.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the *in forma pauperis* motion was deficient. Notwithstanding the deficiency, the Court, in an order entered on June 27, 2008, directed the clerk directed to commence a civil action and directed Mr. Ansteensen to cure certain deficiencies if he wished to pursue his claims.

Mr. Ansteensen specifically was directed to file within thirty days on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint. After being granted extensions of time,

Mr. Ansteensen, on September 25, 2008, filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement, a document titled "Motion for Relief From Judgement [sic] Pursuant to FRCP 60(b)(4)(6)," and a motion titled "Motion to Include in Filed Motion," in which he seeks to supplement the motion for relief from judgment.

The Court must construe the documents liberally because Mr. Ansteensen is a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a pro se litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ansteensen will be ordered to file an amended pleading.

The Court has reviewed the "Motion for Relief From Judgement [sic] Pursuant to FRCP 60(b)(4)(6)" and finds that the motion is deficient. Mr. Ansteensen appears to be attacking his conviction as a sex offender in Boulder County District Court, and asks for his release from incarceration as relief. Because he appears to be attacking his state court conviction, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973).

Although Mr. Ansteensen appears to be attacking his state court conviction, the claims he asserts are not clear to the Court because the "Motion for Relief From Judgement [sic] Pursuant to FRCP 60(b)(4)(6)" fails to comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v.*

*Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Therefore, Mr. Ansteensen will be directed to file an amended pleading that complies with the pleading requirements of Rule 8 and that sues the proper Respondents. He is reminded that it is his responsibility to present his claims in a clear and manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims. The Court will refrain from addressing Mr. Ansteensen's *in forma pauperis* motions until he has filed his claims on the proper pleading.

If Mr. Ansteensen is not attempting to attack his state court conviction and is, in fact, attempting to assert civil rights claims pursuant to 42 U.S.C. § 1983 that attack the conditions of his confinement, he must inform the Court of that fact, request the proper, Court-approved Prisoner Complaint form, and use the form to assert his claims. Accordingly, it is

ORDERED that **within thirty days from the date of this order** Applicant, Erik B. Ansteensen, named as Plaintiff, file an amended pleading that complies with the order. It is

FURTHER ORDERED that the amended pleading shall be titled "Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ansteensen, together with a copy of this order, two copies of the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form for him to use in submitting the amended pleading. It is

FURTHER ORDERED that if Mr. Ansteensen fails within the time allowed to file an amended pleading that complies with this order to the Court's satisfaction, the "Motion for Relief From Judgement [sic] Pursuant to FRCP 60(b)(4)(6)" and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion titled "Motion to Include in Filed Motion" is granted. It is

FURTHER ORDERED that Mr. Ansteensen's *in forma pauperis* motions will not be addressed until he has filed his claims on the proper pleading. It is

FURTHER ORDERED if Mr. Ansteensen is not attempting to attack his state court conviction and is, in fact, attempting to assert civil rights claims pursuant to 42 U.S.C. § 1983 that attack the conditions of his confinement, he must inform the Court of that fact, request the proper, Court-approved Prisoner Complaint form, and use the

proper form to assert his claims.

DATED October 3, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01362-BNB

Erik B. Ansteensen
Prisoner No. 123736
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form** to the above-named individuals on 10/3/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk