IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01362-BNB

ERIK B. ANSTEENSEN,

Applicant,

v.

DUNBAR/Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV - 7 2008

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING APPLICANT TO FILE FINAL AMENDED APPLICATION AND
GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*

---

Applicant, Erik B. Ansteensen, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. Mr. Ansteensen attempted to initiate the instant action by submitting to the Court *pro se* a motion for leave to proceed *in forma pauperis* together with a certified copy of his trust fund account statement.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the *in forma pauperis* motion was deficient. Notwithstanding the deficiency, in an order entered on June 27, 2008, I directed the clerk to commence a civil action and directed Mr. Ansteensen to cure certain deficiencies if he wished to pursue his claims.

Mr. Ansteensen specifically was directed to file within thirty days on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915 and a Prisoner Complaint. After being granted extensions of time, Mr. Ansteensen, on September 25, 2008, filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement, a document titled "Motion for Relief From Judgement [sic] Pursuant to FRCP 60(b)(4)(6)," and a motion titled "Motion to Include in Filed Motion," in which he sought to supplement the motion for relief from judgment.

I construed the documents liberally, found that Mr. Ansteensen appeared to be attacking his conviction as a sex offender in Boulder County District Court, and determined that as relief he asked for his release from incarceration. Because Mr. Ansteensen appeared to be attacking his state court conviction, in an order dated October 3, 2008, I informed him that his sole federal remedy was a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausted state court remedies. The October 3 order directed Mr. Ansteensen to file an amended pleading that complied with the pleading requirements of Fed. R. Civ. P. 8 and that sued the proper Respondents, and granted the "Motion to Include in Filed Motion." I notified Mr. Ansteensen that the Court would refrain from addressing his *in forma pauperis* motions until he had filed his claims on the proper pleading.

Also in the order of October 3, 2008, I pointed out that if Mr. Ansteensen was not attempting to attack his state court conviction and instead attempting to assert civil rights claims pursuant to 42 U.S.C. § 1983 that attacked the conditions of his confinement, he must inform the Court of that fact, request the proper, Court-approved Prisoner Complaint form, and use the form to assert his claims.

2

On November 6, 2008, Mr. Ansteensen submitted an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. The Court must construe the application liberally because Mr. Ansteensen is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Ansteensen will be ordered to file a final amended application. He will be granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

The Court has reviewed the application and finds that the application still is deficient. Mr. Ansteensen is attacking his 2004 conviction as a sex offender in Boulder County District Court, and asks for his release from incarceration as relief. However, he relies upon a twenty-nine-page attachment to the habeas corpus application to assert his claims. Therefore, the application fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As I informed Mr. Ansteensen in the October 3, 2008, order for an amended pleading, the Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).

The Court will reiterate for Mr. Ansteensen's behalf those Rule 8 requirements. Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a

demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Ansteensen's application is vague and prolix. He fails to state his claims clearly and concisely. Therefore, Mr. Ansteensen will be directed to file a final amended application that complies with the pleading requirements of Rule 8, and that sues the proper Respondents. He is again reminded that it is his responsibility to present his claims in a clear and manageable format that allows the Court and Respondents to know what claims are being asserted and to be able to respond to those claims. Mr. Ansteensen may not rely upon a verbose attachment to assert his claims. This is the final opportunity Mr. Ansteensen will be afforded to amend his application to comply with Rule 8. Accordingly, it is

ORDERED that **within thirty days from the date of this order** Applicant, Erik B. Ansteensen, shall file a final amended habeas corpus application that complies with the directives of this order. It is

FURTHER ORDERED that the final amended application shall be titled "Final Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Ansteensen, together with a copy of this order, two copies of the Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form for him to use in submitting the final amended application. It is

FURTHER ORDERED that if Mr. Ansteensen fails within the time allowed to file a final amended application that complies with this order to the Court's satisfaction, the application and the action will be dismissed without further notice. It is

FURTHER ORDERED that Mr. Ansteensen is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. It is

FURTHER ORDERED that process shall not issue until further order of the Court. It is

FURTHER ORDERED that the motions for relief from judgment and to cure deficiencies filed on September 25, 2008, are denied as unnecessary.

DATED November 7, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CERTIFICATE OF MAILING

Civil Action No. 08-cv-01362-BNB

Erik B. Ansteensen
Prisoner No. 123736
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on \_\_11/7/08\_\_

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk