IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 18 2008

GREGORY C. LANGHAM
CLERK

Civil Action No. 08-cv-01362-BNB

ERIK B. ANSTEENSEN,

    Applicant,

v.

WARDEN DUNBAR, BVCF, Box 2017, Buena Vista, CO 81211,
JOHN W. SUTHERS, The Attorney General of the State of Colorado, and
BOULDER COUNTY DISTRICT COURT,

    Respondents.

## ORDER OF DISMISSAL

Applicant, Erik B. Ansteensen, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Ansteensen attempted to initiate the instant action by submitting to the Court *pro se* a motion for leave to proceed *in forma pauperis* together with a certified copy of his trust fund account statement.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.2, the Court determined that the *in forma pauperis* motion was deficient. Notwithstanding the deficiency, Magistrate Judge Boyd N. Boland, in an order entered on June 27, 2008, directed the clerk directed to commence a civil action and directed Mr. Ansteensen to cure certain deficiencies if he wished to pursue his claims.

Mr. Ansteensen specifically was directed to file within thirty days on the proper, Court-approved forms a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915 and a Prisoner Complaint. After being granted extensions of time, Mr. Ansteensen, on September 25, 2008, filed a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 together with a certified copy of his trust fund account statement, a document titled "Motion for Relief From Judgement [sic] Pursuant to FRCP 60(b)(4)(6)," and a motion titled "Motion to Include in Filed Motion," in which he sought to supplement the motion for relief from judgment.

Magistrate Judge Boland construed the documents liberally, found that Mr. Ansteensen appeared to be attacking his conviction as a sex offender in Boulder County District Court, and determined that as relief he asked for his release from incarceration. Because Mr. Ansteensen appeared to be attacking his state court conviction, Magistrate Judge Boland, in an October 3, 2008, order, informed him that his sole federal remedy was a writ of habeas corpus pursuant to 28 U.S.C. § 2254, after he exhausted state court remedies. The October 3 order directed Mr. Ansteensen to file an amended pleading that complied with the pleading requirements of Fed. R. Civ. P. 8 and that sued the proper Respondents, and granted the "Motion to Include in Filed Motion." Magistrate Judge Boland notified Mr. Ansteensen that the Court would refrain from addressing his *in forma pauperis* motions until he had filed his claims on the proper pleading.

Also in the October 3, 2008, order, Magistrate Judge Boland pointed out that if Mr. Ansteensen was not attempting to attack his state court conviction and was, in fact, attempting to assert civil rights claims pursuant to 42 U.S.C. § 1983 that attacked the conditions of his confinement, he must inform the Court of that fact, request the proper, Court-approved Prisoner Complaint form, and use the form to assert his claims.

2

On November 6, 2008, Mr. Ansteensen submitted an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On November 7, 2008, Magistrate Judge Boland granted Mr. Ansteensen leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and ordered him to file a final amended application. In the November 7 order, Magistrate Judge Boland pointed out that he had reviewed the application and found that the application still was deficient. Mr. Ansteensen attacked his 2004 conviction as a sex offender in Boulder County District Court, and asked for his release from incarceration as relief. However, he relied upon a twenty-nine-page attachment to the habeas corpus application to assert his claims. Magistrate Judge Boland noted that the application failed to comply with Rule 8 of the Federal Rules of Civil Procedure and reiterated what he had informed Mr. Ansteensen in the October 3, 2008, order for an amended pleading, i.e., that the Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); ***Browder v. Director, Dep't of Corrections***, 434 U.S. 257, 269 (1978); ***Ewing v. Rodgers***, 826 F.2d 967, 969-70 (10th Cir. 1987).

Magistrate Judge Boland also reiterated for Mr. Ansteensen's behalf those Rule 8 requirements. He noted that, pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the

3

emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland explained that Mr. Ansteensen's application was vague and prolix because he failed to state his claims clearly and concisely. Therefore, on November 7, 2008, Magistrate Judge Boland ordered Mr. Ansteensen within thirty days to file a final amended application that sued the proper Respondents and complied with the pleading requirements of Rule 8. He reminded Mr. Ansteensen that he must present his claims in a clear and manageable format that allowed the Court and Respondents to know what claims were being asserted and to be able to respond to those claims, and informed Mr. Ansteensen that he may he not rely upon a verbose attachment to assert his claims. Magistrate Judge Boland warned Mr. Ansteensen that this would be the final opportunity he would be afforded to amend his application to comply with Fed. R. Civ. P. 8.

On December 8, 2008, Mr. Ansteensen filed *pro se* a pleading titled "Final Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (docket number 16) and a twenty-seven-page, combination supplement and supporting brief also titled "Final Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (docket number 17). Because the Respondents listed on both documents are not identical, the caption of this order has been corrected to include, as accurately as possible, all named Respondents.

The Court must construe liberally the final amended application and the combination supplement and supporting brief because Mr. Ansteensen is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the final amended application will be denied.

As Respondents, Mr. Ansteensen properly names Warden Dunbar of the Buena Vista Correctional Facility and improperly names Boulder County District Court. The law is well-established that the only proper respondent to a habeas corpus action is the habeas applicant's custodian, see 28 U.S.C. § 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; and *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, Mr. Ansteensen properly may only sue Warden Dunbar. John Suthers, Attorney General of the State of Colorado, only is listed as representing counsel for the State of Colorado. Mr. Ansteensen has failed to name the proper Respondents as directed in the October 3, 2008, order for a final amended application.

Secondly, instead of relying upon a verbose attachment to assert his claims, which Magistrate Judge Boland warned him he may not do, Mr. Ansteensen apparently attempts to circumvent this requirement by splitting the discussion of his three claims between two separate documents, i.e., document numbers 16 and 17. Moreover, document 17 offers an unnecessarily prolix discussion of Mr. Ansteensen's claims, rather than a discussion presented in a clear and manageable format that would allow the Court and Respondents to know what claims were being asserted and to be able to respond to those claims. Mr. Ansteensen, therefore, also has failed to comply with the November 7, 2008, order for a final amended application that complies with the

5

pleading requirements of Fed. R. Civ. P. 8. The Court will dismiss the instant action without prejudice. If Mr. Ansteensen still wants to pursue his claims, he may do so by filing a single Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that sues the proper Respondents and complies with the pleading requirements of Fed. R. Civ. P. 8. Accordingly, it is

ORDERED that the pleading titled "Final Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (docket number 16) and a combination supplement and supporting brief also titled "Final Amended Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" (docket number 17) that Applicant, Erik B. Ansteensen submitted to and filed with the Court on December 8, 2008, are denied and the action is dismissed without prejudice for failure to comply with the November 7, 2008, order for a final amended application that sues the proper Respondents and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 17 day of December, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01362-BNB

Erik B. Ansteensen
Prisoner No. 123736
Fremont Correctional Facility
PO Box 999
Cañon City, CO 81215-0999

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/18/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk